Filed 12/23/25  P. v. Sanchez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT MICHAEL SANCHEZ,<br><br>    Defendant and Appellant. | F089343<br><br>(Super. Ct. No. F23909305)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Franson, J. and De Santos, J.

Appointed counsel for appellant, Robert Michael Sanchez, asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief setting forth the case's relevant facts.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

Following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In January 2024, appellant was charged with one count of attempted carjacking (Pen. Code, §§ 664, 215, subd. (a))[1] and one count of second degree robbery (§ 211), both including an enhancement alleging appellant was armed with a firearm (§ 12022, subd. (a)(1)). The information further alleged appellant satisfied two aggravating factors (Cal. Rules of Court, rule 4.421(b)(2)(3)). Underlying these charges were allegations appellant and two others approached a victim at a car wash and, using a firearm, attempted to steal his truck before stealing stereo equipment and other items from the truck.

Appellant waived his preliminary hearing. In March 2024, as part of a plea deal, appellant pleaded no contest to the robbery charge, and the remaining count and allegations were dismissed. Appellant was informed that he could receive a maximum term of five years and released on a *Cruz*[2] waiver.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5 (noting that defendants can agree to terms whereby failing to comply allows the trial court to withdraw approval of a negotiated plea and impose a sentence in excess of the bargained-for term).

In July 2024, appellant failed to appear for a hearing, and his *Cruz* waiver was revoked. Appellant was eventually arrested and brought before the court for sentencing. At that time, appellant and his counsel were offered an opportunity to provide good cause for his prior nonappearance. Neither offered any statement or argument. The court then sentenced appellant to the low term of two years with presentence custody credits of 255 days.

This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.